**NOT FOR CITATION**

FILED

APR - 5 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH RUSSELL DELGADO,

    Plaintiff,

v.

T. BILLINGS, J. PEREZ, J. ABUVEN, and K. MENSING,

    Defendants.

No. C 06-4769 PJH (PR)

**ORDER OF DISMISSAL; DENIAL OF LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO CLOSE CASE**

    This is a civil rights case filed by a prisoner at San Quentin State Prison. He states in the complaint that he has not completed administrative exhaustion.

    The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Compliance with the exhaustion requirement is required. *Porter v. Nussle*, 122 S. Ct. 983, 992 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).

    Nonexhaustion under § 1997e(a) is an affirmative defense – defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he or she did not exhaust administrative remedies. *Id.* If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. *Id.* at 1120.

    Plaintiff says in the portion of the complaint dealing with exhaustion that at the third formal level of appeal the director "refused to respond to appeal due to CCR 3084.6(c)."

The section to which he refers states that an inmate seeking to appeal an unsatisfactory decision at one level must do so within fifteen days. 15 Cal. Code Regs. § 3084.6(c).

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). The PLRA exhaustion requirement requires proper exhaustion. *Id.* at 2387. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386. (footnote omitted).

Thus, by conceding that his appeal to the third formal level was rejected for failure to comply with procedural rules plaintiff has conceded failure to exhaust. The case will be dismissed.

Plaintiff's application for leave to proceed in forma pauperis (doc 3) is **DENIED**. No fee is due. Plaintiff's complaint is **DISMISSED** without prejudice

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April ____5____, 2007.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\DELGADO769.EXH

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R DELGADO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>T BILLINGS et al,<br><br>　　　　　Defendant.　　　　／ | Case Number: CV06-04769 PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 5, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth R. Delgado C-62219
Salinas Valley State Prison
P.O. Box 1050
C-8-215 Upper
Soledad, CA 93960

Dated: April 5, 2007

　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　By: Anthony Bowser, Deputy Clerk